UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CRISTIAN ANDRES S. C., | Case No. 26-cv-1727 (LMP/ECW) |
| Petitioner, | |
| v. | **ORDER TRANSFERRING CASE** |
| PAMELA JO BONDI, *Attorney General of the United States*; KRISTI NOEM, *Secretary of the Department of Homeland Security*; TODD LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*, | |
| Respondents. | |

Craig S Coleman and Emilie Erickson, **Faegre Drinker Biddle & Reath LLP, Minneapolis, MN**, for Petitioner.

Matthew Isihara, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

On March 4, 2026, Petitioner Cristian Andres S. C. filed a petition for a writ of habeas corpus alleging that Respondents (the "Government") unlawfully arrested and detained him on December 15, 2025, in Minneapolis, Minnesota, in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment to the United States Constitution. *See generally* No. No. 1. The Government, noting that Cristian Andres S. C. was transferred outside this District shortly after his arrest, filed a motion to dismiss the petition for improper venue or to transfer the petition to the proper venue. *See* ECF No. 5. For the reasons below, the Court grants the Government's motion and transfers the petition.

BACKGROUND

Cristian Andres S. C. is a 22-year-old Spanish and Ecuadorian national who has resided in Minnesota since he was 18.  ECF No. 1 ¶ 13.  He has an approved Special Immigrant Juvenile Status ("SIJS") petition that entitles him to remain in the United States until at least 2029.  ECF No. 1 ¶¶ 1, 13, 37.  Nevertheless, on December 15, 2025, the Government arrested Cristian Andres S. C. in Minneapolis.  *Id.* ¶ 41.  He was transferred to a detention center in Alexandria, Louisiana, on December 21, 2025, and then to a detention center in Pine Prairie, Louisiana, on December 29, 2025.  ECF No. 7 ¶¶ 6–8; *see* ECF No. 1 ¶¶ 6, 42.

On March 4, 2026, Cristian Andres S. C. filed this habeas petition.  ECF No. 1.  He acknowledges that he has been in Louisiana since the end of 2025 but argues that venue is proper in the District of Minnesota "because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events giving rise to these claims occurred in this District."  *Id.* ¶ 24.  In response, the Government moves to dismiss the petition or to transfer venue of the petition under 28 U.S.C. § 1406(a) to the United States District Court for the Western District of Louisiana.  ECF No. 5.  The Government argues that "[i]t is a basic rule of habeas litigation 'that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.'"  ECF No. 6 at 2 (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).  Cristian Andres S. C. argues that the Court is not *required* to transfer the petition and should not do so because the interests of justice favor this Court retaining jurisdiction over the petition.  ECF No. 8.

2

## ANALYSIS

The issue presented in this case is not new. *See, e.g.*, *Alex H. v. Bondi*, No. 26-cv-1255 (JMB/DTS), 2026 WL 381688, at *1–2 (D. Minn. Feb. 11, 2026); *Miryan R. Q.-S. v. Bondi*, No. 26-cv-1681 (KMM/JFD), 2026 WL 658874, at *1–2. (D. Minn. Mar. 9, 2026). Indeed, Courts in this District have—for months—considered the cases of noncitizens who are arrested in Minnesota and then almost immediately moved out of the District of Minnesota. *Marisol P. Q. v. Bondi*, No. 26-cv-1055 (MJD/DJF), 2026 WL 376306, at *5 (D. Minn. Feb. 10, 2026), *report and recommendation adopted*, 2026 WL 468237 (D. Minn. Feb. 18, 2026) (collecting cases for the proposition that "Respondents have engaged in a well-documented pattern of immediately removing detainees from the District of Minnesota upon their arrest").

In general, the prevailing rule established by *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), is that a habeas petition *should* be filed and considered in the federal district in which the petitioner is confined.[1] *Id.* at 443 ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). But there are recognized exceptions that allow for consideration of

---

[1] Petitioner notes that the Government sometimes refers to its motion as one based on the Court lacking subject-matter jurisdiction. ECF No. 8 at 4; *see also* ECF No. 6 at 2. The Court clearly has jurisdiction over the petition. *Alex H.*, 2026 WL 381688, at *2 ("The 'immediate custodian' rule . . . is a venue rule and not a jurisdictional one."); *Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (noting that petitioner's filing outside of the district of confinement does not deprive the district court of subject-matter jurisdiction); *Miryan R. Q.-S.*, 2026 WL 658874, at *1 ("Petitioner's pre-filing transfer does not deprive the court of subject-matter jurisdiction.").

"equitable concerns such as convenience and appropriateness of the district." *Alex H.*, 2026 WL 381688, at *2 (citing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973)). For example, courts have declined to follow the general district-of-confinement rule in cases where the petitioner's location was difficult to ascertain "at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M. Y. M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026); *see, e.g.*, *Aleksander B. v. Trump*, No. 26-cv-170, 2026 WL 172435, at *2 (D. Minn. Jan. 22, 2026) (collecting cases).

None of the exceptional circumstances are present here. Cristian Andres S. C. was arrested on December 15, 2025, and transferred to his current location—Pine Prairie, Louisiana—by December 29, 2025. ECF No. 7 ¶ 7. He makes no argument that his attorneys were unaware of that fact at the time his petition was filed in March—more than two months later. *See* ECF No. 1 ¶ 6. In these circumstances, the Court sees no reason to depart from the general rule that Cristian Andres S. C.'s habeas petition should be considered by the Western District of Louisiana, where Pine Prairie is located. *See Miryan R. Q.-S.*, 2026 WL 658874, at *1 (holding that the "exception does not apply" where the "allegations in the petition show" that the petitioner's counsel are aware the petitioner was confined in another district "at the time the petition was filed"); *Jonnathan X. D. B. v. Noem*, No. 26-cv-588 (DWF/DJF), 2026 WL 222189, at *1 (D. Minn. Jan. 28, 2026) (same). As a result, the Court grants the Government's motion and transfers the petition.

**ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED** that this matter is **TRANSFERRED** to the United States District Court for the Western District of Louisiana. The Clerk of Court is directed to effectuate the transfer without delay.

Dated: March 13, 2026                 *s/Laura M. Provinzino*
                                              Laura M. Provinzino
                                              United States District Judge